Eastern District of Kentucky
**F I L E D**
FEB 2 0 2018
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:17-CR-58-S-GFVT

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

APRIL BOWLING
   aka APRIL SIZEMORE     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Superseding Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance ("Count One"). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss all remaining counts, including the Underlying Indictment.

2. The essential elements of Count One are:

   (a) Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

   (b) The Defendant knowingly and voluntarily joined that conspiracy; and

   (c) That conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

3. As to Count One, the United States could prove the following facts that

establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)    Between on or about a day in August 2016 and continuing through on or about November 1, 2017, in Laurel County, Whitley County, and Clay County within the Eastern District of Kentucky and elsewhere, the Defendant conspired and agreed with others to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

    (b)    Specifically, the Defendant developed access to an individual in Georgia through whom she and others could regularly obtain methamphetamine. The Defendant traveled and directed others to travel with her and for her to Georgia to obtain methamphetamine. The Defendant imported and caused to be imported more than 500 grams of this methamphetamine to Laurel County, Whitley County, and Clay County, Kentucky, where she worked together with others to distribute it in exchange for money.

4.    The statutory punishment for Count One is imprisonment for not less than 20 years and not more than life, a fine of not more than $20,000,000, and a term of supervised release of at least 10 years. The Defendant is eligible for the above-referenced enhanced sentence based on a prior qualifying felony drug conviction. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a)    The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines

range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 5 kilograms but less than 15 kilograms of a mixture or substance containing methamphetamine.

(c) Pursuant to U.S.S.G. § 3B1.1(b), increase the offense level by 3 levels for Defendant's role as a manger or supervisor of the conspiracy.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the supplement contain the complete and only Plea

3

Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 2/20/18     By: Andrew H. Trimble
Assistant United States Attorney

Date: 2/20/18     April Bowling
Defendant

Date: 2/20/18     Willis G. Coffey
Attorney for Defendant

4